# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUPREE LAMAR DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-07-1009-HE |
| ) | |
| THE CHIEF OF POLICE WILLIAM CITTY ) | |
| AND THE CITY OF OKLAHOMA ) | |
| CITY MUNICIPAL COURT, ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner, formerly in custody at the Oklahoma County Detention Center, commenced this action by filing a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254" [Doc. #1][1] and Application to Proceed *In Forma Paupers* [Doc. #2]. Subsequently, and in response to this Court's order to cure deficiency, Petitioner filed a second Application to Proceed *In Forma Pauperis* [Doc. #8]. Review of Petitioner's initial filings reveals that Petitioner's action for habeas relief has become moot by Petitioner's release from detention and the Petition should be summarily dismissed.

## Relevant History Gleaned From Petitioner's Filing

On June 22, 2006, Oklahoma City police officer Ryan Schweitzer issued a traffic citation to Petitioner. Petitioner was charged with failure to show proof of insurance, and his

---

[1] It is unclear whether Petitioner was ever convicted of a crime or whether he was in custody as a pretrial detainee. His Petition does not, however, attack the validity of any state court conviction, and therefore the proper statutory basis for Petitioner's habeas action is 28 U.S.C. § 2241. Section 2254 applies only to individuals "in custody pursuant to the judgment of a State Court[.]" 28 U.S.C. § 2254(b)(1).

arraignment date was set for July 26, 2006. *See* Petition Exhibit A. On July 28, 2006, an Assistant Municipal Counselor for the City of Oklahoma City filed an information in the Municipal Criminal Court of Record for the City of Oklahoma City charging Petitioner with failure to appear in court to answer the charge lodged against him in the June 22, 2006, traffic citation. *See* Petition Exhibit C. The municipal court issued a bench warrant for Petitioner's arrest for failure to appear in court and set bond at $337. *See* Petition Exhibit D. On September 18, 2006, the Oklahoma Department of Public Safety Financial Responsibility Division notified Petitioner that his driver's license was suspended. *See* Petition Exhibits E and F. Petitioner does not identify the date the bench warrant was executed, but he does state that he was arraigned by video teleconference on November 27, 2006, and that bond was set at $600. *See* Petition at 7.

Petitioner's status after November 27, 2006, is not altogether clear from the record. Petitioner filed this habeas action on September 13, 2007, together with an Application to Proceed *In Forma Pauperis* [Doc. #2] stating that he "is being deprived of liberty." His address on the Petition indicated that he was at the Oklahoma County Detention Center. The Court issued an order directing Petitioner to cure the deficiency in his Application by supplying missing financial information and obtaining the signature of an authorized officer of the penal institution. Petitioner then filed a second Application to Proceed In Forma Pauperis [Doc. #8] on October 11, 2007. Petitioner attached to the Application a statement by Betty Garlett, the secretary in charge of trust accounts for inmates in the Oklahoma County Detention Center. This attachment states that Petitioner "was in the Oklahoma

County Detention Center from 9-9-07 to 9-10-07" and that he was released from the detention center on September 24, 2007.

**Petitioner's Claims Presented in the Petition**

Petitioner attempts to assert two claims in his Petition.

First, Petitioner challenges the constitutionality of the traffic stop. He states that police officer Ryan Schweitzer did not have probable cause for the traffic stop and that the officer's request for proof of insurance was an invasion of privacy. Petition at 3-4.

Second, Petitioner claims that Assistant Municipal Counselor, Cindy L. Richard, committed prosecutorial misconduct by filing the Information related to the charge of failure to appear. Petition at 6. In his Petition, Petitioner states he is being held at the Oklahoma County Detention Center due to the warrant for failure to appear and he seeks release from detention. In his defense, Petitioner states that he did in fact appear before the municipal court on the appointed day. He states that he not only appeared, but also filed a motion for continuance because he was unable to obtain counsel or post bond. *See* Petition Exhibit G.[2] He further states that he entered a plea of "not guilty" and the municipal judge set his bond at $200. Petition at 5. He refers to Exhibit "B" the second page of the citation notice which, although cryptic, appears to note that on 7/26 a bond of $202 was set by the judge.

---

[2]Exhibit G is a copy of a "Motion for Continuance and Order Setting Hearing" signed by Petitioner. The exhibit is file stamped July 26, 2006, by the clerk of the municipal court. This exhibit does not, however, indicate that a court order was entered continuing the hearing nor does it demonstrate that Petitioner appeared before the judge of the municipal court.

3

The only remedy Petitioner seeks in this action is for this Court to hold a hearing and then order him released from custody. As noted, however, Petitioner's initial filings show that he has been released from custody.

**<u>Analysis</u>**

"Article III of the United States Constitution only extends federal judicial power to cases or controversies." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III . . . ." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (*citing Spencer v. Kemna*, 523 U.S. 1 (1998)). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).

To avoid dismissal on grounds of mootness Petitioner must demonstrate an actual injury traceable to the defendant and capable of being redressed by a judicial decision. *See Spencer v. Kemna*, 523 U.S. 1 (1998). In *Spencer*, the petitioner's parole status was revoked and he was reincarcerated. *Id.* at 3. In his habeas petition, the petitioner sought to invalidate the order revoking his parole, but by the time the case was decided by the district court, he had completed the entire term of imprisonment underlying the parole revocation. *Id.* The Supreme Court concluded, "[t]he reincarceration that [petitioner] incurred as a result of the [parole revocation] is now over, and cannot be undone. Subsistence of the suit requires, therefore, that continuing 'collateral consequences' of the parole revocation be either proved

4

or presumed." *Id.* at 8. The Supreme Court went on to conclude that collateral consequences must be proved, not presumed. *Id.*

Like the petitioner in *Spencer*, Petitioner's detention has ended and cannot be undone. Therefore, to maintain his habeas action, Petitioner must demonstrate that collateral consequences of his detention exist; that there is "some concrete and continuing injury." *Id.* at 7. Petitioner has not alleged any collateral consequences that could result from his allegedly unconstitutional detention, and none are apparent from the record before this Court.

Petitioner's release from detention renders his habeas petition moot. Because he is no longer in custody, the habeas relief he requests – release from detention – is no longer available, and the allegedly unconstitutional detention ending in September 2007 cannot be redressed by a favorable judicial decision. No exceptions to the mootness doctrine are apparent in the record. Therefore, Petitioner's habeas action no longer presents a case or controversy subject to this Court's jurisdiction and should be dismissed as moot.

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus [Doc. #1] be dismissed as moot.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by January __28th__, 2008. *See* Local Civil Rule 72.1. Failure to make timely objection to this

Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

DATED this  7th  day of January, 2008.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE